```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DONALD WECHSLER,                                                  :
                                                                  :
                              Plaintiff,                          :     15-CV-5907 (JMF)
                                                                  :
              -v-                                                 :     MEMORANDUM OPINION
                                                                  :         AND ORDER
HSBC BANK USA, N.A,                                               :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/26/2016

JESSE M. FURMAN, United States District Judge:

Plaintiff Donald Wechsler ("Wechsler") filed this purported class action against Defendant HSBC Bank USA, N.A. ("HSBC"), on July 28, 2015, alleging breach of contract and claims under the New York Deceptive Practices Act ("NYDPA"), General Business Law Section 349. Wechsler contends that HSBC has engaged in a practice of charging certain customers a $5.00 monthly maintenance fee on their savings accounts, in violation of those accounts' terms and conditions. HSBC now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Wechsler's claims are barred in their entirety by the one-year contractual statute of limitations, HSBC's motion is GRANTED.

## BACKGROUND

In considering a Rule 12(b)(6) motion, a court is limited to the facts alleged in the complaint and is required to accept those facts as true. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). A court may, however, consider documents attached to the complaint; statements or documents incorporated into the complaint by reference; matters of which judicial notice may be taken, such as public records; and documents that the

plaintiff either possessed or knew about, and relied upon, in bringing the suit.  *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (applying that rule to district courts).  Accordingly, the following facts are taken from the First Amended Complaint ("Complaint" or "FAC") and exhibits attached thereto or incorporated by reference therein.[1]

Wechsler opened a savings account with Marine Midland Bank over 35 years ago.  (FAC (Docket No. 21) ¶ 6).  After HSBC purchased Marine Midland Bank in 1980, Wechsler's savings account went through a number of changes, ultimately becoming an HSBC "Everyday Savings Account" in 2012.  (*Id.*).  Wechsler's account is governed by, among other things, HSBC's Terms and Charges Disclosure for Everyday Savings Accounts ("Terms & Charges") and HSBC's Rules for Deposit Accounts ("Rules").  (*Id.* ¶¶ 12-13).  The Rules include the following provision:

> You agree to make any claim or bring any legal action relating to [HSBC's] handling of your account, in writing, within one (1) year of the date the problem occurred, unless these Rules or applicable law or regulation require earlier action by you.  You agree that if the problem involves a series of events . . . then the date the first event occurred shall be the date by which the period to make any claim or bring any legal action shall begin to run.

(*Id.*, Ex. 2, at 29 (the "Limitations Clause")).

Beginning January 31, 2014, HSBC assessed a monthly $5.00 "service charge consisting of maintenance fee" on Wechsler's account.  (*See id.*, Ex. 3; *id.* ¶ 14).  In December 2014 and May 2015, Wechsler contacted HSBC to dispute the fees; he was told that maintenance fees

---

[1]     HSBC submits a declaration from Robert Deangelo, Vice President and Cluster Branch Manager of HSBC, in support of its motion to dismiss.  (*See* Decl. Robert Deangelo Supp. Mot. To Dismiss (Docket No. 17)).  Although HSBC argues that it is within the scope of the materials that the Court may consider (*see* Def. HSBC Bank USA, N.A.'s Mem. Law Supp. Mot. To Dismiss Pl.'s First Am. Compl. (Docket No. 23) 9), the Court gives it no consideration.

could be imposed on his account when the balance fell below $500, but in each instance received a partial refund for some of the fees. (*Id.* ¶¶ 15-19). After each call, however, HSBC recommenced assessing the maintenance fees on the account. (*Id.* ¶¶ 17, 19). Wechsler eventually filed suit on behalf of a proposed nationwide or state-wide class of HSBC customers who were charged account maintenance fees on their Everyday Savings Accounts. (*Id.* ¶¶ 20-22). Wechsler alleges that HSBC breached the parties' contract and engaged in a deceptive practice within the meaning of the NYDPA. (*Id.* ¶¶ 35, 43).

## DISCUSSION

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ordinarily, the statute of limitations is "an affirmative defense that must be raised in the answer." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). It is well established, however, that "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)); *see NECA-IBEW Pension Tr. Fund v. Lewis*, 607 F. App'x 79, 81 (2d Cir. 2015) (summary order) (affirming dismissal on statute of limitations grounds where the plaintiff's own allegations showed that the statute of limitations had expired); *Lefebvre v. Morgan*, — F. Supp. 3d —, No. 14-CV-5322 (KMK), 2016 WL 1274584, at *16 (S.D.N.Y. Mar. 31, 2016) (citing cases); *see also* 5 Wright & Miller, Federal Practice & Procedure § 1226 (3d ed. 2004) ("[T]he current trend in the cases is to allow [the statute of limitations defense] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint."). That is the case here.

Under New York law, which the parties do not dispute applies to this action, courts "will enforce a shortened statute of limitations when it is reasonable and agreed to by contract." *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 128 (E.D.N.Y. 2009); *see also* N.Y. C.P.L.R. § 201; *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 611 (2013) (noting that contracting parties may designate a limitations period for filing claims that is shorter than the applicable statutory period, "provided that the shorter period itself shall be a reasonable period" (internal quotation marks omitted)); *Int'l Fid. Ins. Co. v. Cty. of Rockland*, 98 F. Supp. 2d 400, 409 (S.D.N.Y. 2000).  A corollary to that rule is that parties may "agree not only to the length of a limitations period but also to its commencement." *Heimeshoff*, 134 S. Ct. at 611.  One-year contractual limitations periods — indeed, even shorter limitations periods of six months — have consistently been held to be reasonable under New York law.  *See, e.g.*, *Vega v. Fed. Exp. Corp.*, No. 09-CV-7637 (RJH) (GWG), 2011 WL 4494751, at *6 (S.D.N.Y. Sept. 29, 2011) (collecting cases holding six months to be reasonable); *Corbett*, 687 F. Supp. 2d at 128 (collecting cases holding one year to be reasonable).

Applying those principles to this case, Wechsler's claims are plainly time barred.  Significantly, Wechsler does not dispute that the Rules generally or the Limitations Clause specifically applies to his account.  (*See* FAC ¶ 31 (alleging that the Rules constitute a valid and enforceable contract)).  Pursuant to the Limitations Clause, Wechsler was required to bring his claims within one year "of the date the problem occurred."  And given that the "problem" alleged here — namely, the monthly imposition of maintenance fees — "involve[d] a series of events," the limitations period began to run on "the date the first event occurred," or January 31, 2014.  (*See id.*, Ex. 3).  Thus, under the plain terms of the Limitations Clause, Wechsler had until

January 31, 2015, to file suit challenging the maintenance fees.[2]  Because he did not file suit until July 28, 2015 (*see* Docket No. 1), nearly six months later, his claims are untimely.

None of Wechsler's arguments to the contrary is persuasive.  First, while not taking issue with the one-year limitations period itself, he contends that beginning that period with the first monthly charge would be unreasonable because it would effectively immunize HSBC from liability and allow it to "continue to impose unlawful charges in perpetuity simply because Plaintiff did not file a legal action . . . within one year."  (*See* Pl.'s Resp. Opp'n Def.'s Mot. To Dismiss (Docket No. 25) ("Pl.'s Mem.") 12-14).  Notably, however, he cites no case holding such an accrual provision invalid.  Instead, he relies on the general contract principle that each successive breach of a contract constitutes a new breach.  (*See id.* at 13-14).  But that principle has no application where, as here, the parties have crafted their own limitations rules by contract, as precedent "necessarily allows parties to agree not only to the length of a limitations period but also to its commencement."  *Heimeshoff*, 134 S. Ct. at 611.  Further, Wechsler's approach would undermine the Limitations Clause altogether, as it would effectively allow him to file suit at any time in perpetuity, contrary to the clear intent of the agreement.

---

[2]  The "discovery rule" — which stays the accrual of a cause of action until a plaintiff has or should have discovered the cause of action through reasonable diligence, *see Gabelli v. S.E.C.*, 133 S.Ct. 1216, 1221 (2013) — does not apply to Wechsler's breach of contract or NYDPA claims.  *See, e.g.*, *ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 360 (2d Cir. 1997) ("[I]n New York it is well settled that the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered."); *Marshall v. Hyundai Motor Am.*, 51 F Supp. 3d 451, 461 (S.D.N.Y. 2014) ("Accrual of a [NYDPA] claim is not dependent upon any date when discovery of the alleged deceptive practice is said to occur.  Rather, such claims accrue when a plaintiff is injured by the actions alleged to have violated the Statute." (internal quotation marks and citations omitted)).  Even if it did, Wechsler was on notice of the charges by January 31, 2014, when the first charge was levied on his account.  (*See* FAC, Ex. 3, at 3).

Second, Wechsler contends that "even if the series of events clause could be applied in this manner . . . the chain of events was interrupted each time that HSBC waived the charges." (*See* Pl.'s Mem. 14). "At the time of these waivers," Wechsler reasons, "a resolution was reached as to the waived charges, and Plaintiff had no reason to believe that new charges would be imposed." (*Id.*). The problem with this reasoning, however, is that it is directly contradicted by Wechsler's own allegations in the Complaint. For one thing, he admits that when he called HSBC to dispute the fees, he was expressly "told that a monthly maintenance fee may be imposed when the account balance falls below $500." (FAC ¶ 15). For another, he concedes that HSBC "revers[ed] some *but not all* of the maintenance fees that had been charged," and thus provided only a "partial refund." (*Id.* ¶¶ 16, 18 (emphasis added)). Thus, Wechsler had every reason "to believe that new charges would be imposed" even after his calls, and knew that the "problem" giving rise to his current claims had not been fully remedied.

Wechsler's final argument — that a contractual limitations period cannot apply to a statutory cause of action under the NYDPA (*see* Pl.'s Mem. 15-16) — is easily rejected. Contractual limitations periods are frequently applied to statutory claims. *See, e.g.*, *Heimeshoff*, 134 S. Ct. at 611 (applying a contractual limitations period to an ERISA claim); *Vega*, 2011 WL 4494751, at *6 (collecting cases where contractual limitations periods barred employment discrimination claims); *see also* N.Y. C.P.L.R. § 201 (stating that a shorter limitations period may be prescribed by contract for "an action," not just a contractual one). The only case Wechsler cites to the contrary, *Superior Technical Research, Inc. v. Lawson Software, Inc.*, 851 N.Y.S.2d 74 (Sup. Ct. 2007), involved an NYPDA claim that did not fall within the scope of the contractual limitations provision because that provision was expressly limited to actions "arising out of or relating to" the contract. (*See* Pl.'s Mem. 15). Here, the Limitations Clause applies to

"*any* legal action relating to [HSBC's] handling of your account," which plainly encompasses Wechsler's NYPDA claim.  Accordingly, the Limitations Clause bars both of Wechsler's claims.

## CONCLUSION

In short, looking only at the face of the Complaint, it is clear that Wechsler's claims are time barred.  *See Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (noting that a pre-answer motion to dismiss on statute of limitations grounds may be granted "if it is clear on the face of the complaint that the statute of limitations has run" (internal quotation marks omitted)).  Accordingly, HSBC's motion to dismiss is GRANTED, and the Complaint is dismissed.

The Clerk of Court is directed to terminate Docket No. 22 and to close the case.

SO ORDERED.

Date:   April 26, 2016
        New York, New York

_____
JESSE M. FURMAN
United States District Judge